

## IN THE UNITED STATES DISTRICT COURT FOR NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

ABDUL MOHAMMED,

PLAINTIFF

vs.

PRAIRIE STATE LEGAL SERVICES INC, AND/OR THEIR PARENT, SUBSIDIARIES AND AFFILIATES (COLLECTIVELY "PRAIRIE STATE"), KERRY O'BRIEN AND MARISA WIESMAN, MICHAEL O'CONNOR, DAVID WOLOWITZ., INDIVIDUALLY AND AS AGENTS, SERVANTS, EMPLOYEES, VOLUNTEERS OF "PRAIRIE STATE"

DEFENDANTS,

**RECEIVED**

JUN 19 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

COMPLAINT WITH JURY DEMAND

**1:18-cv-04248
Judge Ronald A. Guzman
Magistrate Judge Maria Valdez**

## COMPLAINT AT LAW
## PARTIES, JURISDICTION AND VENUE

1. The Plaintiff was a resident of the State of Illinois at all times when the violations of Title III of the Americans with Disabilities Act, violations of Section 504 of the Rehabilitation Act of 1973, and various other violations by the Defendants occurred.

2. This Court has jurisdiction over this complaint because this action is being brought pursuant to 42 U.S.C. § 12188 for violations of Title III of the Americans with Disabilities Act, for violations of Section 504 of the Rehabilitation Act of 1973, and also for various other violations committed by the Defendants against the Plaintiff and such violations of Title III of the Americans with Disabilities Act, violations of Section 504 of the Rehabilitation Act of 1973, and various other violations occurred in the jurisdiction of this Court and the Damages claimed by the Plaintiff is in access of $75,000, and hence Venue is proper.

3. The Plaintiff continues to reside in the State of Illinois.

4. Prairie State Legal Services Inc. is a Legal Aid Service Provider authorized to conduct operations and conducting operations in this court's jurisdiction, with its principal place of business located at 400 West Roosevelt Rd, Suite # 100, Wheaton, IL 60187.

5. The Defendants, Kerry O'Brien, Marisa Wiesman, Michael O'Connor and David Wolowitz are employees or agents of Prairie State Legal Services Inc and they are residents of the State of Illinois.

1

**FACTUAL BACKGROUND**

6.  The Plaintiff is an indigent person qualified to receive Legal Aid from the Defendant Prairie State and the Plaintiff has also met the Federal Poverty Guidelines to receive Legal Aid.

7.  Further the Plaintiff is a "Qualified Individual" with "Qualified Disabilities" pursuant to the Americans with Disabilities Act and also pursuant to the Rehabilitation Act of 1973, Section 504.

8.  The Plaintiff is also qualified to receive Legal Aid and Legal Representation from Defendant Prairie State based on his Disabilities pursuant to the Americans with Disabilities Act and also pursuant to the Rehabilitation Act of 1973, Section 504 without meeting the Federal Poverty Guidelines.

9.  The Plaintiff is additionally qualified to receive Legal Aid and Legal Representation as he was a victim of Domestic Battery and the Plaintiff is a "Victim of Crime" within the meaning of the Victims of Crime and Witnesses Act of Illinois.

10. Defendant Prairie State's website says that they provide Legal Aid and Legal Representation in Family Court Cases to victims of Domestic Violence and for people with Disabilities.

11. The Plaintiff is unemployed right now due to his Disabilities which has stopped him from working.

12. The Plaintiff filed application for his Social Security Disability on January 31, 2018.

13. The Plaintiff is a Diabetic since the year 2010 and Diabetes is a "Qualified Disability" as defined by the Rehabilitation Act of 1973, Section 504 and by the Americans with Disabilities Act Amendment Act of 2008.

14. The Plaintiff is also suffering with Anxiety, Depression and Insomnia; which are also "Qualified Disabilities" as defined by the Rehabilitation Act of 1973, Section 504 and by the Americans with Disabilities Act Amendment Act of 2008.

15. The Plaintiff's Disabilities makes it impossible to represent himself in his Divorce Proceedings.

16. Plaintiff's Divorce Proceedings are pending in DuPage County.

17. Plaintiff's Attorney withdrew from representing him on April 12,2018 from the Plaintiff's Divorce Proceedings.

18. The Plaintiff had previously filed a Complaint # 18CV2638 against the Defendants for violation of Americans with Disabilities Act and Rehabilitation Act of 1973, Section 504, on April 12,2018 in this Court.

19. The Plaintiff's Complaint # 18CV2638 was dismissed without prejudice by the Court as improper.

20. The Court did not even give an opportunity for the Plaintiff to amend his Complaint.

2

21. Not many attorneys can file a proper Complaint in the first instance and they are given number of opportunities by the Courts to amend the Complaint.

22. In Complaint # 18CV2638 the Court held a Pro Se Plaintiff to standards even higher to that of an attorney.

23. The Defendants have denied Legal Aid to the Plaintiff in retaliation of his previous Federal Complaint # 18CV2638 for violation of Americans with Disabilities Act and Rehabilitation Act of 1973, Section 504 and also in retaliation of his Complaint to Illinois Department of Human Rights for discrimination based on Disabilities.

24. The Plaintiff further has a Constitutional Right to be represented by a Counsel in his Divorce Proceedings pursuant to the Judiciary Act of 1789 and also pursuant to the Illinois Constitution and the Defendants have interfered in the Plaintiff's exercise of his Constitutional Rights pursuant to the Judiciary Act of 1789 and also pursuant to the Illinois Constitution.

25. The Plaintiff has a Constitutional Right to a Counsel as a Reasonable Accommodation pursuant to the Americans with Disabilities Act and also pursuant to the Rehabilitation Act of 1973, Section 504.

26. Defendant Prairie State has been serving the entire population of the 36 Counties across the State of Illinois since many decades.

27. Millions of people has received Legal Aid before the Plaintiff from Defendant Prairie State and millions more will receive Legal Aid from Defendant Prairie State in future.

28. Defendant Prairie State continuous to accept to new clients every day as we speak.

29. Defendant Prairie State is not a Private Law Firm.

30. Defendant Prairie State is a Place of Public Accommodation as defined by Title III of Americans with Disabilities Act.

31. Title III of the Americans with Disabilities Act specifically defines a Lawyer's Office and the Services provided by Lawyers and their Law Firms as Public Accommodation.

32. The Rehabilitation Act, Section 504 also applies to the Defendant Prairie State as it is receiving Federal Funding.

33. The Defendant Prairie State informed the Plaintiff that they are representing the Plaintiff's wife in the Divorce Proceedings and there is a conflict of interest and hence they cannot provide Legal Aid to the Plaintiff.

34. The Defendant Prairie State used the conflict of interest to retaliate against the Plaintiff by using the conflict of interest as a pretext and violated the Americans with Disabilities Act and also violated the Rehabilitation Act of 1973, Section 504.

35. In the year of 2016, 400 different Volunteer Attorneys took 799 Cases on a Pro Bono basis under the Defendant Prairie State's "Volunteer Attorney Involvement Program".

36. The Plaintiff requested that he be provided Legal Aid and Legal Representation under the Defendant Prairie State's "Volunteer Attorney Involvement Program" but the Defendants refused to provide Legal Aid and Legal Representation under the Defendant Prairie State's "Volunteer Attorney Involvement Program".

37. DuPage County Circuit Court entered an Order on May 17,2016 in an Order of Protection against the Plaintiff's wife that DuPage Legal Assistance Foundation another Legal Service Provider should provide Legal Aid to the Plaintiff's wife even though DuPage Legal Assistance Foundation was representing the Plaintiff.

38. DuPage County Circuit Court asked the Plaintiff's wife to waive her Conflict of Interest if she wants Legal Aid and she waived her Conflict of Interest and DuPage County Circuit Court entered an Order on May 17,2016, that DuPage Legal Assistance Foundation should provide Legal Aid to the Plaintiff's wife even though DuPage Legal Assistance Foundation was representing the Plaintiff. The conflict of interest does not apply to the Prairie State Legal Services' "Volunteer Attorney Involvement Program".

39. The Plaintiff has waived his conflict of interest to receive Legal Aid from the Defendant Prairie State but still the Defendants are not providing Legal Aid to the Plaintiff.

40. It is just a mind-boggling statement made by Defendant Marisa Wiesman, that out of thousands of attorneys who are participating in the Defendant "Prairie State's, "Volunteer Attorney Involvement Program" and representing millions of people on a Pro Bono basis, every single attorney has conflict of interest with the Plaintiff.

41. The Defendants must realize when it comes to the Constitution of United States in any Courtroom across the length and breadth of this Country, there is only one winner and that winner is the "Constitution of United States".

### Section 504 of the Rehabilitation Act of 1973 - Nondiscrimination under Federal Grants and Programs.

42. No otherwise qualified individual with a disability in the United States, as defined in section 7(20), shall, solely by reason of her or his disability, be excluded from the participation in, be denied the

benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. The head of each such agency shall promulgate such regulations as may be necessary to carry out the amendments to this section made by the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978. Copies of any proposed regulation shall be submitted to appropriate authorizing committees of Congress, and such regulations may take effect no earlier than the thirtieth day after the date on which such regulation is so submitted to such committees.

(b) For the purposes of this section, the term "program or activity" means all of the operations of;

(1) (A) a department, agency, special purpose district, or other instrumentality of a State or of a local government; or

(B) the entity of such a State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

(2) (A) a college, university, or other postsecondary institution, or a public system of higher education; or

(B) a local educational agency (as defined in section 14101 of the Elementary and Secondary Education Act of 1965), system of vocational education, or other school system;

(3) (A) an entire corporation, partnership, or other private organization, or an entire sole proprietorship-

(i) if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(ii) which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or

(B) the entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any corporation, partnership, private organization, or sole proprietorship; or

(4) any other entity which is established by two or more of the entities described in paragraph (1), (2), or (3); any part of which is extended Federal financial assistance.

(c) Small providers are not required by subsection (a) to make significant structural alterations to their existing facilities for the purpose of assuring program accessibility, if alternative means of

providing the services are available. The terms used in this subsection shall be construed with reference to the regulations existing on the date of the enactment of this subsection.

(d) The standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act of 1990 (42 U.S.C. 12111 et seq.) and the provisions of sections 501 through 504, and 510, of the Americans with Disabilities Act of 1990 (42 U.S.C. 12201-12204 and 12210), as such sections relate to employment.

### Case Law for Counsel at Court Costs or Pro Bono Counsel in Civil Cases pursuant to Rehabilitation Act of 1973, Section 504.

43. *Jose Antonio Franco-Gonzalez, ET Al., v Eric H. Holder, JR.*, Attorney General, ET AL., is the Settled Case Law from United States District Court, Central District of California. In the above-mentioned case, the United States District Court, Central District of California; held that United States Department of Homeland Security violated the Rehabilitation Act of 1973, Section 504; when United States Department of Homeland Security failed to provide reasonable accommodation. i.e., a Qualified Representative in all aspects of the immigration proceedings; to people with Disabilities as defined by the Rehabilitation Act of 1973, Section 504. In the above-mentioned case, the United States District Court, Central District of California; entered an Order that United States Department of Homeland Security must provide the "Qualified Individuals" with a "Qualified Representative" within 60 days from the Date of the Order which was entered on April 23, 2013.

44. Even with zero discrimination or zero retaliation, not providing Legal Aid, Legal Representation or a Pro Bono Counsel as a reasonable accommodation to "Qualified Individuals" with Disabilities is a violation of the Americans with Disabilities Act and the Rehabilitation Act of 1973, Section 504.

45. In *Jose Antonio Franco-Gonzalez, ET Al., v Eric Holder JR;* even though 3 out of 21 class members were being represented by Counsel, the Court still ruled that not only the class members who currently does not have a Counsel but also the class members who has Counsel are entitled to an attorney at the public expense as a reasonable accommodation for qualified individuals with Disabilities and the Court entered an Order to appoint Counsel for the class members at the public expense and the Court also entered an Order to reimburse the Counsels of the 3 class members who were retained before the Order was entered to provide counsel at public expense on April 23,2013.

46.   *Jose Antonio Franco-Gonzalez, ET Al., v Eric Holder, JR* was purely a civil Court proceeding.

47.   Financial Application for a reasonable accommodation for qualified individuals is not a requirement under the Americans with Disabilities Act and the Rehabilitation Act of 1973, Section 504 and charging for reasonable accommodation is specifically prohibited under the Americans with Disabilities Act and the Rehabilitation Act of 1973, Section 504.

48.   The provisions and protections of the Rehabilitation Act of 1973, Section 504 and the Americans with Disabilities Act are one and the same.

49.   The Defendant's have one and only function and that is providing Legal Aid, Legal Representation and Pro Bono Counsel.

50.   The Plaintiff also tried to secure a Counsel at Court Costs or a Pro Bono attorney in his Divorce Proceedings pursuant to Americans with Disabilities Act and the Rehabilitation Act of 1973, Section 504 but Defendant Kerry O'Brien appeared at the hearing held in DuPage County Circuit Court on May 10,2018 and argued against the Plaintiff's Motion for Counsel at Court Costs pursuant to Americans with Disabilities Act and informed the Judge that the Court should not provide Counsel at Court Costs to the Plaintiff pursuant to Americans with Disabilities Act.

51.   Defendant Kerry O'Brien also told the Judge that if Court provides Counsel at Court Costs to the Plaintiff pursuant to Americans with Disabilities Act, other people with Disabilities will also ask the Court to appoint Counsel at Court Costs.

## **BENIGN NEGLECT BY THE DEFENDANTS**

52.   The Americans with Disabilities Acts seeks to prevent not only intentional discrimination against people with Disabilities, but also — indeed, primarily — discrimination that results from "thoughtlessness, indifference and apathy," that is, from "benign neglect." *Alexander v. Choate*, 469 U.S. 287, 301 (1985); see H.R. Rep. No. 101–485(II), at 29 (1990). Thus, it is insufficient for a program to be offered on equal terms to those with and without Disabilities; the law requires "affirmative accommodations to ensure that facially neutral rules do not in practice discriminate against individuals with Disabilities." *Henrietta D.,* 331 F.3d at 275; see also *Tennessee v. Lane*, 541 U.S. 509, 511 (2004) ("Recognizing that failure to accommodate persons with Disabilities will often have the same practical effect as outright exclusion, Congress required the Places of Public Accommodations and Public Entities to take reasonable measures to remove . . . barriers to accessibility."); 42 U.S.C. § 12112(b)(5)(A) (defining discrimination to include failing to "mak[e]

7

reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability"). As the Second Circuit has put it, "[i]t is not enough to open the door for the handicapped; a ramp must be built so the door can be reached." *Dopico v. Goldschmidt*, 687 F.2d 644, 652 (2d Cir. 1982) (internal quotation marks and alterations omitted).

53.    In the instant case the Defendants have further violated Title III of the Americans with Disabilities Act by not providing Reasonable Accommodation in the form of Legal Aid and Legal Representation to the Plaintiff who is a qualified individual pursuant to the Americans with Disabilities Act and the Rehabilitation Act of 1973, Section 504.

54.    Further the Defendants have violated Title III of the Americans with Disabilities Act by not modifying its policies and procedures to accommodate the Plaintiff who is a qualified individual pursuant to the Americans with Disabilities Act and the Rehabilitation Act of 1973, Section 504.

## COUNT I
## VIOLATIONS OF TITLE III OF AMERICANS WITH DISABILITIES ACT
## (ALL DEFENDANTS)

55.    Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

56.    Defendants, by their actions described herein, have violated Title III of the Americans with Disabilities Act by denying access to the Public Accommodation to the Plaintiff by not providing Legal Aid and Legal Representation to the Plaintiff.

57.    Further the Defendants, by their actions described herein, retaliated against the Plaintiff for his Lawful Protected Activity via Federal Complaint # 18-CV-2638 for violation of Americans with Disabilities Act and Rehabilitation Act of 1973, Section 504 and also in retaliation of his Complaint to Illinois Department of Human Rights for discrimination based on Disabilities and violated Title III of the Americans with Disabilities Act.

58.    The Defendants, by their actions described herein, violated the Title III of the Americans with Disabilities Act when they retaliated against the Plaintiff who had opposed an act or practice made unlawful by Americans with Disabilities Act, or because he made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the Americans with Disabilities Act.

59.    Further the Defendants have violated Title III of the Americans with Disabilities Act by not providing Reasonable Accommodation in the form of Legal Aid and Legal Representation to the

Plaintiff who is a qualified individual pursuant to the Americans with Disabilities Act and the Rehabilitation Act of 1973, Section 504.

60. Further the Defendants have violated Title III of the Americans with Disabilities Act by not modifying its policies and procedures to accommodate the Plaintiff who is a qualified individual pursuant to the Americans with Disabilities Act and the Rehabilitation Act of 1973, Section 504.

61. In violation of Title III of the Americans with Disabilities Act; due to the Defendants denial of Legal Aid and Legal Representation to the Plaintiff (Interference in Rights granted to the Plaintiff and Rights protected by the Americans with Disabilities Act) in an unlawful and discriminatory manner, the Plaintiff has been denied an opportunity to benefit from the aid, benefit, or service in his Divorce Proceedings pending in DuPage County Circuit Court because the Plaintiff has been disadvantaged due to lack of Counsel in his Divorce Proceedings and the Plaintiff does not have a Counsel representing him because the Defendants have denied him the Right to be represented by a Counsel in his Divorce Proceedings.

62. In violation of Title III of the Americans with Disabilities Act; due to the Defendants denial of Legal Aid and Legal Representation to the Plaintiff (Interference in Rights granted to the Plaintiff and Rights protected by the Americans with Disabilities Act) in an unlawful and discriminatory manner, the Plaintiff has been denied an opportunity to benefit from the aid, benefit, or service that is not equal to that afforded others, in his Divorce Proceedings pending in DuPage County Circuit Court because the Plaintiff has been disadvantaged due to lack of Counsel in his Divorce Proceedings and the Plaintiff does not have a Counsel representing him because the Defendants have denied him the Right to be represented by a Counsel in his Divorce Proceedings.

63. In violation of Title III of the Americans with Disabilities Act; due to the Defendants denial of Legal Aid and Legal Representation to the Plaintiff (Interference in Rights granted to the Plaintiff and Rights protected by the Americans with Disabilities Act) in an unlawful and discriminatory manner, the Plaintiff was left with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others , in his Divorce Proceedings pending in DuPage County Circuit Court because the Plaintiff has been disadvantaged due to lack of Counsel in his Divorce Proceedings and the Plaintiff does not have a Counsel representing him because the Defendants have denied him the Right to be represented by a Counsel in his Divorce Proceedings.

64. In violation of Title III of the Americans with Disabilities Act; due to the Defendants denial of Legal Aid and Legal Representation to the Plaintiff (Interference in Rights granted to the Plaintiff

and Rights protected by the Americans with Disabilities Act) in an unlawful and discriminatory manner; the Plaintiff has been limited in the enjoyment of rights, privileges, advantages, and opportunities enjoyed by others receiving the aid, benefit, or service, in his Divorce Proceedings pending in DuPage County Circuit Court because the Plaintiff has been disadvantaged due to lack of Counsel in his Divorce Proceedings and the Plaintiff does not have a Counsel representing him because the Defendants have denied him the Right to be represented by a Counsel in his Divorce Proceedings.

65. As a direct result of Defendant's acts in violation of Title III of Americans with Disabilities Act;

a) Plaintiff has suffered loss of Parenting Time with his three minor children and Decision-Making Responsibilities of his three minor children;

b) Plaintiff is not able to hold his wife and her attorney (Defendant Kerry O'Brien), accountable for numerous violations of Court Orders;

c) Plaintiff's children have been harmed emotionally and physically by the associates of the Plaintiff's wife and by associates of her attorney Defendant Kerry O'Brien;

d) Plaintiff's minor children's mental, moral, and physical health has been seriously endangered by Plaintiff's wife, her associates and by associates of her attorney Defendant Kerry O'Brien;

e) Has significantly impaired the Plaintiff's minor children's emotional development;

f) Plaintiff's children are in immediate danger of being caused a physical injury by associates of her wife and associates of her attorney (Defendant Kerry O'Brien);

g) Plaintiff is being harassed, stalked and threatened by the associates of the Plaintiff's wife, her associates and by associates of her attorney, Defendant Kerry O'Brien;

h) Plaintiff has suffered loss of Legal Aid and Legal Representation which has made the Plaintiff vulnerable to the abuse of his wife's attorney (Defendant Kerry O'Brien), severe emotional distress, anguish, and humiliation, and the Plaintiff continues to suffer the same;

i) Indeed, due to Defendant's actions, the Plaintiff lives in constant apprehension of verbal abuse and harassment by his wife's attorney (Defendant Kerry O'Brien) and his associates, and his quality of life has diminished accordingly the Defendant's acts in violation of Title III of Americans with Disabilities Act has caused great harm to the Plaintiff's health as the Defendant's acts in violation of Title III of Americans with Disabilities Act has deteriorated the Plaintiff's diabetes, anxiety and insomnia and pushed him further into depression;

WHEREFORE, Plaintiff, ABDUL MOHAMMED, demands judgment for Injunctive Relief to be specified to the Court at a later stage, a Permanent Restraining Order to cease all kinds of unlawful discrimination, retaliation and harassment of the Plaintiff by the Defendants and any such other relief as the court may deem just and proper against the Defendants; PRAIRIE STATE LEGAL SERVICES INC, KERRY O'BRIEN, MARISA WIESMAN, DAVID WOLOWITZ AND MICHAEL O'CONNOR.

## COUNT II
## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973
### (29 U.S.C. § 701)
### (ALL DEFENDANTS)

66. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

67. Section 504 of the Rehabilitation Act of 1973 was the first disability civil rights law to be enacted in the United States. It prohibits discrimination against people with Disabilities in programs and activities that receive Federal Financial Assistance and set the stage for enactment of the Americans with Disabilities Act.

68. Defendants Prairie State Legal Services Inc are recipients of Federal Financial Assistance and all the operations of Defendant Prairie State Legal Services Inc are defined as "Program or Activity" pursuant to Section 504 of the Rehabilitation Act of 1973.

69. By Acts described in this complaint above, when Defendant Prairie State Legal Services Inc violated Title III of the Americans with Disabilities Act they also violated Section 504 of the Rehabilitation Act of 1973.

WHEREFORE, Plaintiff, ABDUL MOHAMMED, demands judgment against the Defendants PRAIRIE STATE LEGAL SERVICES INC, KERRY O'BRIEN, MICHAEL O'CONNOR, DAVID WOLOWITZ AND MARISA WIESMAN, individually and jointly and severally for damages, compensatory damages in an amount in excess of $75,000, punitive damages, and costs and attorney's fees (if the Plaintiff retains an attorney in future) and any such other relief as the court may deem just and proper.

## COUNT - III
## CIVIL CONSPIRACY
## (ALL DEFENDANTS)

11

70. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

71. The Defendants agreed to accomplish, by concerted action, all the torts and malicious actions mentioned in this complaint against the Plaintiff, and illegal harassment of the Plaintiff.

72. As detailed above, Defendants committed overt tortious and/or unlawful acts in furtherance of this agreement, namely the acts alleged in paragraphs 1 through 69.

73. As detailed above, Plaintiff suffered damages as a proximate result of Defendants' civil conspiracy to commit torts and malicious actions mentioned in this complaint, to harass and to harm the Plaintiff.

WHEREFORE, Plaintiff, ABDUL MOHAMMED, demands judgment against the Defendants PRAIRIE STATE LEGAL SERVICES INC, KERRY O'BRIEN, MICHAEL O'CONNOR, DAVID WOLOWITZ AND MARISA WIESMAN, individually and jointly and severally for damages, compensatory damages in an amount in excess of $75,000, punitive damages, and costs and attorney's fees (if the Plaintiff retains an attorney in future) and any such other relief as the court may deem just and proper.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (ALL DEFENDANTS)

74. Plaintiff repeats all the allegations set forth in the previous paragraphs of this complaint as if fully set forth herein at length.

75. By acts described in Paragraphs 1-73, the Defendants committed extreme and outrageous acts intended to harm the Plaintiff.

76. The Defendants knowingly, deliberately, and intentionally committed the acts alleged in this complaint against the Plaintiff and recklessly disregarded the probability of causing the plaintiff severe emotional distress.

77. The Defendants intentionally committed the acts alleged in this complaint against the Plaintiff and caused the plaintiff to suffer fear, depression, humiliation, severe mental anguish and severe physical and emotional distress, directly and proximately causing damages to the Plaintiff.

12

78.    The Defendants committed the actions set forth in this complaint with the intention of injuring the plaintiff and in extreme disregard of the Plaintiff's rights thereby, entitling plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff, ABDUL MOHAMMED, demands judgment against the Defendants; PRAIRIE STATE LEGAL SERVICES INC, KERRY O'BRIEN, MICHAEL O'CONNOR, DAVID WOLOWITZ AND MARISA WIESMAN., individually and jointly and severally for damages, compensatory damages in an amount in excess of $75,000, punitive damages, and costs and attorney's fees (if the Plaintiff retains an attorney in future) and any such other relief as the court may deem just and proper.

## IN FORMA PAUPERIS APPLICATION, REQUEST FOR COUSEL AT COURT COSTS.

79.    The Rehabilitation Act of 1973, Section 504 permits the Court to appoint an attorney for the plaintiff at Court Costs and also permits the Plaintiff to commence the civil action without first paying fees, costs, or security as the Plaintiff is a "Qualified Individual" with Disabilities pursuant to the Rehabilitation Act of 1973, Section 504. Hence, the Plaintiff is respectfully requesting the Court to approve his In Forma Pauperis Application and appoint a Counsel at Court Costs in the instant case as a Reasonable Accommodation pursuant to the Rehabilitation Act of 1973, Section 504.

## CERTIFICATION

I, Abdul Mohammed, certify that to the best of my knowledge, the claims raised herein are not the subject of any other action pending in any court or any arbitration proceeding, and no such other action or arbitration is contemplated. I certify that the foregoing statements made by me are true and accurate to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for perjury.

Dated this 19th of June 2018.

/s/Abdul Mohammed
Pro Se Plaintiff
258 East Bailey Rd, Apt C,
Naperville, IL 60565
Ph-630-597-3098